**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MAERSK INC. as agents for A.P.
MOLLER-MAERSK A/S

                              Plaintiff,              **REPORT AND
RECOMMENDATION**

              - against -

                                                                       09-CV-3458 (DLI) (JO)

OPTIMUM FLEX, INC.,

                              Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

I.      Background

      In a Complaint filed on August 10, 2009, plaintiff Maersk, Inc. ("Maersk") asserted a claim for breach of a maritime contract against defendant Optimum Flex, Inc. ("Optimum Flex"). Docket Entry ("DE") 1 (Complaint). Maersk served process on Optimum Flex on August 18, 2009 by personally delivering the Summons and Complaint to an individual who stated to the process server that she was authorized to accept service on Optimum Flex's behalf. DE 2. Optimum Flex never responded to the Complaint, and on December 21, 2009, Maersk moved for a default judgment seeking an award of the sum certain it had identified in the Complaint. DE 4. That same day, the Clerk entered Optimum Flex's default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). DE 5. By Order dated December 22, 2009, the Honorable Dora L. Irizarry, United States District Judge, referred Maersk's motion to me for a report and recommendation. I now make my report and respectfully recommend that the court enter a default judgment against Optimum Flex in the amount of $3,481.

II.   Discussion

   A.   Service

The Federal Rules of Civil Procedure allow corporations to be served "[pursuant to state law]; ... or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Rule 4(h)(1) (citing Rule 4(e)(1)).  New York law, in turn, permits service on a corporation by personal delivery to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311 (McKinney 2010).

Maersk filed an affidavit of service in which the process server averred that he personally delivered a copy of the Summons and Complaint to one Sherry Tong ("Tong") and that Tong stated that she was authorized to accept such service.  DE 2.  Maersk provides no further information about Tong's position or actual authority to accept service on behalf of Optimum Flex.  *See* DE 4-2 ¶ 5 (repeating information in affidavit of service, without elaboration).  No such elaboration is required:  where an employee accepts service and expressly assures the process server that she has authority to do so, service on the corporation is valid.  *See Nationwide Mut. Ins. Co. v. Kaufman,* 896 F. Supp. 104, 109 (E.D.N.Y. 1995); *Carlin v. Crum & Forster Ins. Co.*, 565 N.Y.S.2d 519, 519 (App. Div. 1991); *see also Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980).  I therefore conclude that Maersk properly served the corporation.

   B.   Default

The applicable rule explicitly states that "[i]f the plaintiff's claim is for a sum certain ...

2

the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). The plaintiff's claim here is for a sum certain. Maersk seeks "judgment in the amount of [$3,841]." Complaint ¶ 7, prayer for relief ¶ 1.[1] In support of its request for the sum certain, it has submitted an affirmation showing the amount due. DE 4-2 ¶ 6. Optimum Flex has defaulted by not appearing. DE 5 (Clerk's entry of default). The defendant is a corporation, and therefore is plainly neither a minor nor an incompetent person. *See* Complaint ¶ 3 & Sched. A (alleging that Optimum Flex is a New York corporation). Under such circumstances, Rule 55(b)(1) requires that the court "must enter judgment" against Optimum Flex in the amount claimed.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court enter a default judgment in favor of plaintiff Maersk, Inc. against defendant Optimum Flex, Inc. in the amount of $3,841.

IV.    Objections

I direct the plaintiff to serve a copy of this Report and Recommendation on each defendant by certified mail, and to file proof of service no later than July 15, 2010. Any objections to this Report and Recommendation must be filed no later than July 29, 2010. Failure to file objections within this period designating the particular issues to be reviewed waives the

---

[1] Initially, Maersk sought that amount "together with interest thereon, costs, disbursements, and a reasonable attorney's fee." Complaint prayer for relief ¶ 1. When it filed its motion for default judgement, however, Maersk waived its request for interest, costs, and attorneys' fees. DE 8 (affirmation in further support of default judgment) ¶ 3.

3

right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
July 8, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge